UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLY R. KIDWELL,

        Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION, *et al.*,

        Defendants.

Civil Action No. 11-00778 (BAH)

**MEMORANDUM OPINION**

Plaintiff Billy R. Kidwell, who is proceeding *pro se*, has filed a lawsuit against numerous defendants alleging, *inter alia*, violations of the Americans with Disabilities Act, the due process clause of the U.S. Constitution, and the Freedom of Information Act. Various motions are pending before the Court. For the reasons explained below, the Court denies (1) the plaintiff's motion to stay the proceedings, (2) the plaintiff's motion for reconsideration of a prior order of the Court, (3) the plaintiff's motion requesting the Court order the parties in this case to comply with certain ethical rules, and (4) the plaintiff's motion for a stay so that he may seek a writ of mandamus. The Court also grants three pending motions to dismiss as conceded because the plaintiff failed to respond to them within the time period set by the Court. Finally, the Court addresses the status of two U.S. government agencies that are defendants in this matter but that have not been served. The Court will extend the plaintiff's time to serve these two defendants with respect to the plaintiff's Freedom of Information Act claim.

    **I.**    **Background**

This lawsuit originated with the purchase of an allegedly defective Gibson Les Paul guitar and guitar strap by Plaintiff Billy R. Kidwell, a *pro se* litigant who is a resident of Florida. *See* Compl. ¶¶ 16, 51-52. Unhappy with his purchase of this musical equipment, the plaintiff filed a *pro*

1

*se* lawsuit against the Gibson Guitar Corporation in state court in Florida. *Id.* ¶ 51-54, 56. The judge in that case apparently dismissed the suit on jurisdictional grounds due to the low amount in controversy and directed that the case could be refiled in "County Court." *Id.* ¶ 166. The plaintiff objected to this decision and attributed it to the defendants' perjury and a "clear conspiracy" involving the judge and opposing counsel. *See id.* ¶¶ 166, 167, 172. Therefore, upon refiling his lawsuit in county court in Florida, the plaintiff also added the previous judge as a defendant in the new case. *Id.* ¶ 172. The plaintiff, however, concluded that the new judge who was assigned to his case, Judge John Duryea, is also part of a "clique" of Florida judges and attorneys who conspire to "fix" cases. *Id.* ¶ 197. Accordingly, in the instant case, the plaintiff has brought suit against the Gibson Guitar Corporation, affiliated attorneys, Judge Duryea, and Florida judicial entities. The plaintiff's suit also objects to what he alleges are illegal failures to accommodate his various disabilities, which include "post-traumatic stress disorder," heart problems, and "deep depression," and for which the plaintiff takes "a number of heavy medications." *Id.* ¶¶ 32-47. The plaintiff contends that the defendants have violated the Americans with Disabilities Act and the U.S. Constitution and have deprived the plaintiff of meaningful access to the courts. *Id.* ¶¶ 3-8. In addition, the plaintiff is suing the Federal Bureau of Investigation and the U.S. Department of Justice ("DOJ") for their failure to investigate or prosecute the "Gibson Guitar Criminals" and the "'Political Clique' of corrupt judges [who] were endangering the life of the plaintiff." *Id.* ¶¶ 256-57. The plaintiff also has alleged that the FBI and DOJ failed to respond to Freedom of Information Act requests. *Id.* ¶¶ 265-66. Thus, the instant lawsuit names eight defendants: the FBI, the DOJ, the State of Florida, the Twentieth Judicial Circuit Court of Florida, Lee County Judge John Duryea, Florida attorney Brian Beason, Gibson Guitar Corp., and Barbara O'Connell, whom the plaintiff describes as "Gibson Guitar's Fake Tennessee Attorney." *Id.* at 1-2. Four motions to dismiss this case are currently pending. *See* ECF Nos. 3, 4, 8, 13.

Defendant Barbara O'Connell filed a motion to dismiss for lack of personal jurisdiction. ECF No. 3. Defendants Gibson Guitar Corporation and Barbara O'Connell filed a motion to dismiss for failure to state claim and improper venue. ECF No. 4. Defendant Brian Beason filed a motion to dismiss on various grounds. ECF No. 8. Defendants State of Florida, the Twentieth Judicial Circuit of the State of Florida, and The Honorable Judge John Duryea also filed a motion to dismiss. ECF No. 13. The federal government defendants have not entered an appearance in this case and the plaintiff has admitted that they have not been served. *See* ECF No. 47.

Upon the filing of the defendants' pending motions to dismiss, the Court issued orders pursuant to *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), advising the *pro se* plaintiff of his obligations in responding to dispositive motions. *See* ECF Nos. 12, 14. The Court afforded the plaintiff thirty days in which to respond to the defendants' dispositive motions, *see id.*, and then granted the plaintiff's motion for additional time to respond by extending his time by an another thirty days. *See* Minute Order dated Aug. 4, 2011. Thus, the plaintiff's response to the motion to dismiss filed by the State of Florida, the Twentieth Judicial Circuit of the State of Florida, and The Honorable Judge John Duryea was due on September 18, 2011 and the plaintiff's responses to all other pending motions to dismiss were due by September 11, 2011.

To date, the plaintiff has only filed a response to one motion to dismiss – the motion to dismiss of Barbara O'Connell for lack of personal jurisdiction. *See* ECF No. 21 (responding to ECF No. 3).

Although he has not responded to three pending motions to dismiss, the plaintiff has filed several motions of his own. In addition to a motion to disqualify the undersigned, which the Court has addressed in a separate order, *see* ECF No. 48, the plaintiff has filed (1) a "Motion for this Extremely Anti-Pro Se Litigant Court to Abide by ABA Model Rule of Professional Conduct 8.3 and Judicial Counsel Code of Conduct for Federal Judges [sic]," ECF No. 33 (the "Professional

3

Conduct Motion"); (2) a "Motion to Stay Proceedings Due to Plaintiff's Extremely Life-Threatening Dire Health While Plaintiff Complies with the Safe Harbor Provisions of Rule 11, [sic]" ECF No. 35 (the "Motion to Stay Proceedings"); (3) a Motion to Reconsider Denial of Plaintiff's Motion to Proceed In Forma Pauperis and Motion for Appointment of Counsel, Or In Alternative Notice of Appeal [sic]," ECF No. 36 (the "Motion for Reconsideration"); and (4) an "Emergency Supplemental Motion for Stay of Proceedings Pending Mandamus Decision," ECF No. 47, (the "Mandamus Stay Motion").

The pending motions in this case are presently before the Court.

## II. The Professional Conduct Motion

The Professional Conduct Motion alleges various purported biases, lies, and other ethical failings on the part of the Court and counsel in this case. The motion requests that the judge "stop her bias," comply with ethical rules, and order all parties in this case to be truthful and comply with ethical rules. *See* Professional Conduct Mot. at 14-15.

To the extent that the plaintiff requests that counsel and the Court comply with all applicable ethical rules, counsel and the Court are already under such obligations and no further order is necessary. To the extent that the plaintiff alleges the undersigned is biased and should recuse herself from this case, the Court has already addressed the plaintiff's independent motion for disqualification and recusal of the undersigned in a separate order. Accordingly, the Professional Conduct Motion is denied.

## III. The Motion to Stay Proceedings

The plaintiff has moved to stay the proceedings in this case to give the plaintiff time to prepare Rule 11 motions. In the plaintiff's view, Rule 11 motions are warranted in this case because "the Attorneys for the Defendants, pursuant to this Court's '*Policy*' of not requiring honesty, truthfulness, or fair-play from Trained Attorneys when the victim is a *Pro Se Litigant*, have

4

intentionally violated Rule 11, by filing Motions to Dismiss, and other motions, in Bad Faith, for the Improper Purpose of harassing Plaintiff, severely irreparably aggravating Plaintiff's Life-Threatening Disabilities, <u>endangering Plaintiff's life,</u> while Causing Unnecessary Delay, and Greatly Increasing Litigation, and the cost of litigation in this case." Motion to Stay at 2-3 (emphases in original).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Davis v. Billington*, 775 F. Supp. 2d 23, 30 (D.D.C. 2011) (quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)). The Court finds that no stay of proceedings is warranted. The Court's prior orders afforded the plaintiff sixty days in which to respond to the motions to dismiss. The Court notes that the plaintiff has filed numerous motions and lengthy declarations during the time period in which he could have filed responses to the pending motions to dismiss. Accordingly, the motion to stay these proceedings so that the plaintiff has more time to prepare additional motions is denied.

## IV. Motion for Reconsideration

The plaintiff has moved for reconsideration of this Court's order denying the plaintiff's Motion to Proceed In Forma Pauperis and Motion for Appointment of Counsel. *See* Order dated Aug. 16, 2011, ECF No. 31.

"[A] court has wide discretion in deciding a motion for reconsideration and can revise its earlier decision if such relief is necessary under the circumstances." *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18, 23 (D.D.C. 2011) (citation omitted). "The relevant circumstances that may warrant reconsideration include whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law

or facts [has occurred] since the submission of the issue to the court.'" *Id.* (quoting *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010)).

After carefully considering the plaintiff's motion for reconsideration, the Court finds that there are no relevant circumstances that warrant reconsideration. Rather, the Court affirms its prior decision for the reasons stated in its Order dated August 16, 2011. *See* ECF No. 31. Accordingly, the Motion for Reconsideration is denied.

V.     **Motions to Dismiss**

Regarding motions, Local Civil Rule 7(b) states: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." The purpose of this rule is to "is to assist the district court in maintaining docket control and deciding motions . . . efficiently and effectively." *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (discussing prior Local Rule 108(b)). The "discretion to enforce this rule lies wholly with the district court." *Id.* at 68. The D.C. Circuit reviews the court's decision to apply Local Rule 7(b) for abuse of discretion, *id.* at 67, and "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit] honor[s] its enforcement of the rule." *Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C. Cir. 1997).

In its orders dated July 13, 2011, and July 19, 2011, ECF Nos. 12 and 14, the Court specifically advised the plaintiff, consistent with the D.C. Circuit's ruling in *Fox v. Strickland*, that the "Court may choose to treat as conceded any motion not opposed within the time limits put in place by the Court" and that "[c]onsequently, failure to respond to the Defendants' motion in this case in a timely manner carries with it the risk that the Defendants' motion will be granted and that this case will be dismissed or that judgment will be summarily entered for the Defendants." These

6

orders also specifically directed the plaintiff's attention to the provisions of Local Rule 7(b) discussed above.

To date, the plaintiff has not filed any opposition to three of the four pending motions to dismiss. Accordingly, since the plaintiff has failed to file any timely opposition to the motions to dismiss of Defendants Gibson Guitar Corporation and Barbara O'Connell, ECF No. 4, Brian Beason, ECF No. 8, and the State of Florida, the Twentieth Judicial Circuit of the State of Florida, and The Honorable Judge John Duryea, ECF No. 13, the Court will grant those motions as conceded and dismiss those defendants from this action.[1]

### VI. The Federal Defendants and the Mandamus Stay Motion

The Federal Bureau of Investigation and the United States Department of Justice have not been served in this action. Under Rule 4(m) of the Federal Rules of Civil Procedure, if the plaintiff has not served a defendant with a summons and a complaint within 120 days after the filing of the complaint, the Court may dismiss the action. Over 120 days have passed since the filing of the complaint in this action and the plaintiff concedes that these defendants have not been served with the summons and complaint although he states that he served a request for waiver of service on them. *See* Mandamus Stay Motion at 1. The plaintiff contends that he does not have the funds to pay for service on these defendants and that, therefore, he must be granted *in forma pauperis* status. *See id.*

Before turning to the question of whether the Court will extend the time for service upon the federal government defendants, the Court will consider whether any conceivable claim against them could survive. In this Circuit, "[c]omplaints may . . . be dismissed . . . *sua sponte* . . . under Rule

---

[1] Defendant Barbara O'Connell filed a motion to dismiss for lack of personal jurisdiction and, in the alternative, she also joined with Defendant Gibson Guitar Corporation in filing a separate motion to dismiss for improper venue and for failure to state a claim for relief. *See* ECF Nos. 3, 4. Since the Court has granted as conceded the motion to dismiss brought jointly by Defendants O'Connell and Gibson Guitar Corporation, ECF No. 4, the Court need not reach the alternative arguments raised in Defendant O'Connell's motion to dismiss for lack of personal jurisdiction, ECF No. 3, to which the plaintiff did file an opposition.

12(b)(6) whenever the plaintiff cannot possibly win relief." *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (internal quotations omitted); *see also Klute v. Shinseki*, No. 10-cv-1126, 2011 WL 2750932, at *4 (D.D.C. July 12, 2011) (citing *Best* in dismissing, *sua sponte*, the plaintiff's Americans with Disabilities Act ("ADA") claims against the federal government because the ADA does not consider the federal government an employer); *Moore v. Motz*, 437 F. Supp. 2d 88, 94 (D.D.C. 2006) (citing *Best* in dismissing, *sua sponte*, the plaintiff's claim against government officials for failure to fulfill campaign promises, as such a cause of action does not exist). Since most of the plaintiff's claims against the FBI and DOJ in this case stem from their alleged failure to investigate and prosecute alleged crimes, *see, e.g.,* Compl. ¶¶ 4-11, 253-64, the plaintiff "cannot possibly win relief" on these claims because "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *see also Ballance v. Peeples,* No. 10-0864, 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another") (citation omitted). Accordingly, the Court will dismiss all of the plaintiffs' claims against the FBI and DOJ that rest on these agencies' alleged failure to investigate or prosecute crimes.

The plaintiff has also alleged that the FBI and DOJ failed to respond to Freedom of Information Act requests. *See* Compl. ¶¶ 265-66. Specifically, the plaintiff alleges that he "sent letters to both the F.B.I. and Justice Department, requesting records of his criminal complaints and all related documents, pursuant to the Freedom of Information Act." *Id.* Considering the liberal standards by which this Court construes *pro se* complaints, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court will not dismiss the plaintiff's Freedom of Information Act claim *sua sponte*.

Accordingly, the Court will order that on or before October 21, 2011, the plaintiff must file with the Court proof that the FBI and DOJ defendants have been served in this action. Regarding the plaintiff's argument that he cannot afford to pay the mailing costs associated with service of process, the Court has reviewed the plaintiff's filings in connection with his motion for *in forma pauperis* status and has determined that he is not indigent and unable to pay for mailing costs.[2] If the plaintiff fails to serve the remaining defendants by October 21, 2011, this case will be dismissed without prejudice pursuant to Rule 4(m).

Finally, the Court will deny the plaintiff's request for a stay to enable him to seek a writ of mandamus. "The factors the Court considers in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay." *Citizens for Responsibility and Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 177 (D.D.C. 2008) (citing *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)). The Court has considered these relevant factors and has determined that no stay is warranted. The plaintiff has a low likelihood of prevailing on the merits of his petition and, in any event, will not be irreparably harmed absent a stay.

**DATED: September 22, 2011**   /s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[2] While the plaintiff did not serve all of the defendants within 120 days of initiating this suit, he has served by mail numerous other documents related to the motions he elected to bring in this case.